**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALEXANDER ALCIBIADES JACKSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 16-13534

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are Plaintiff Alexander Alcibiades Jackson's objections (Dkt. 14) to Magistrate Judge David R. Grand's November 1, 2017 Report and Recommendation ("R & R") (Dkt. 13). The R & R recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 11), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 12), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party objects to the Magistrate Judge's account of the background facts concerning Plaintiff's claim for Social Security disability insurance benefits, his medical history, the reports of his functional limitations, and his testimony at the administrative hearing. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter

differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

**IV.　ANALYSIS**

Plaintiff objects to the R & R on three grounds. First, he takes issue with the Magistrate Judge's determination that the Administrative Law Judge ("ALJ") did not err in relying on the opinion of a non-examining psychiatrist, Daniel Blake, Ph.D., to evaluate the severity of Plaintiff's mental impairments. In support of this objection, Plaintiff argues (i) that "[t]he opinion of a non-examining physician is entitled to little weight if contrary to the opinion of a treating physician," and (ii) that the ALJ's reliance on the opinion of Dr. Blake resulted in a "severe[] over-estimat[ion]" of Plaintiff's ability to work. (Dkt. 14, Plaintiff's 11/15/2017 Objections at 3.)

As noted by the Defendant Commissioner in response, this objection essentially rehashes an argument advanced in Plaintiff's underlying summary judgment motion —

3

and, indeed, is "copied *verbatim"* from the brief in support of this motion. (Dkt. 15, Defendant's 11/21/2017 Response at 1.) Not surprisingly, then, the Magistrate Judge thoroughly addressed this issue in the R & R, (*see* R & R at 12-19), observing in particular that Plaintiff had "fail[ed] to identify any treating physician opinion that the ALJ should have credited over Dr. Blake's opinion," (*id.* at 18). Plaintiff has not cured this deficiency in his objections to the R & R, but again is wholly silent as to which of his treating physicians, if any, has offered an opinion contrary to that of Dr. Blake. More generally, Plaintiff fails to suggest how the Magistrate Judge might have erred in analyzing the ALJ's assessment of Dr. Blake's opinion, and his "bare repetition of the very same argument[] raised in his underlying summary judgment motion and addressed in the R & R provides no basis for the Court to reject the Magistrate Judge's analysis and recommended disposition" of this challenge to the ALJ's decision. *Turnboe v. Commissioner of Social Security,* No. 14-12941, 2015 WL 5719668, at *1 (E.D. Mich. Sept. 30, 2015); *see also Pearson v. Commissioner of Social Security,* No. 15-14031, 2017 WL 1190947, at *3 (E.D. Mich. March 31, 2017) ("The Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.").

Plaintiff next objects that the ALJ's assessment of his residual functional capacity ("RFC") failed to properly account for each of his mental limitations. Again, however, the Defendant Commissioner correctly points out that Plaintiff advanced precisely the same argument in his underlying summary judgment motion. More importantly, the Magistrate Judge once again thoroughly addressed this issue in the R & R, explaining that Plaintiff's challenge rested upon an inaccurate reading of the ALJ's decision and an

4

incorrect understanding of the relevant Social Security rulings. (*See* R & R at 19-22.)[1]
Plaintiff does not even attempt to identify an infirmity in the Magistrate Judge's analysis of this issue, nor has the Court's own review disclosed any basis for disturbing the Magistrate Judge's recommended disposition of this challenge to the ALJ's decision.

Finally, Plaintiff cites case law purportedly holding that an ALJ's decision must be overturned "when the SSA regulations were not followed" or the ALJ has "misconstrued certain evidence." (Plaintiff's Objections at 6-7.) As the Defendant Commissioner notes in response, however, Plaintiff has neither identified any regulations that the ALJ did not follow nor cited any evidence that the ALJ might have misconstrued. Rather, Plaintiff merely points to the ALJ's findings that he suffers from a number of severe impairments, and then states in wholly conclusory fashion that these impairments, viewed in light of the "medical evidence," demonstrate that it is "impossible for Plaintiff to perform work." (*Id.* at 6 (citing Admin. Record at 19).) Such *ipse dixit* assertions, unbacked by any citation to specific evidence in the record or reasoned explanation of how the ALJ or Magistrate Judge might have erred in their analyses, are too undeveloped and cursory to qualify as proper challenges to the R & R or the underlying decision of the ALJ. *See Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th Cir. 2005); *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). In any event, the Magistrate Judge has ably identified the substantial evidentiary support for the ALJ's

---

[1] As the Magistrate Judge observed, Plaintiff and his counsel sought to invoke a Social Security ruling, SSR 85-15, that is not applicable under the circumstances presented here, even though counsel had been advised in a prior case that this ruling did not apply. (*See* R & R at 20 & n.9, 21 n.10.) Despite these repeated admonitions as to the proper reach of SSR 85-15, Plaintiff's counsel inexplicably continues to appeal to this ruling in Plaintiff's objections to the R & R.

determination that Plaintiff was capable of performing light work with certain additional limitations. (*See* R & R at 15-24.)

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's November 1, 2017 report and recommendation (Dkt. 13) in its entirety, and **OVERRULES** Plaintiff's November 15, 2017 objections to the report and recommendation (Dkt. 14). Accordingly, Plaintiff's motion for summary judgment (Dkt. 11) is **DENIED**, Defendant's motion for summary judgment (Dkt. 12) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: March 29, 2018                         s/Marianne O. Battani
                                             MARIANNE O. BATTANI
                                             United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 29, 2018.

                                             s/ Kay Doaks
                                             Case Manager